Case No. 25-1897, Larry Harrison v. Douglas. Argument not to exceed 15 minutes per side. Ms. Zuladas, you may proceed for the appellant. Good afternoon, your honors, and may it please the court. Jacqueline LeWittes on behalf of Plaintiff Appellant Larry Harrison. With this court's permission, I'd like to reserve three minutes for rebuttal. Very well. Thank you. The only question in this appeal is whether Mr. Harrison has three strikes under the Prison Litigation Reform Act. Under this court's decision in Crump, he does not for three independent reasons. Both parties agree reversal is required because at least two of the dismissals are not strikes, and the third dismissal is also not a strike under Crump. This court should reverse each strike assessment and also direct the district court to allow Mr. Harrison to proceed IFP. If there are no questions, I'll briefly clarify our points of agreement on Palmer and Collette, and then discuss the City of Detroit dismissal. Both parties agree that Palmer is not a strike because it is a mixed dismissal, which this court said in Crump is not a strike. It was dismissed in part for failure to state a claim, but in part on non-strike bases, including the Rucker-Feldman doctrine. That alone is to reverse the district court's decision. But both parties also agree that Collette is not a strike. We differ on our reasoning with Defendant on Collette, however. Defendant categorizes Collette as a mixed dismissal, which implies that judicial immunity is a strike basis. We argue, however, that Crump tells us judicial immunity is not a strike basis. Crump went through its analysis by saying a dismissal on the merits is a dismissal for failure to state a claim. And there it said that an immunity dismissal is not a dismissal on the merits because it avoids deciding liability altogether. Crump dealt with an 11th Amendment immunity dismissal, but the same reasoning applies to judicial immunity dismissal. All the court decides is whether the defendant acted in a judicial role. If so, whether an exception applies to the judicial immunity doctrine. If no exception applies, this case is dismissed. There's no looking at the merits. So the dismissal is not on the merits. It is not for failure to state a claim. And that was reinforced by the text of the PLRA. This court noticed that immunity was referenced multiple times in the PLRA, but not in the strike provision. From that, it was fair to infer that Congress acted intentionally and purposely when it included immunity in other nearby provisions, but not in the three-strike rule. So immunity is not a strike. And it spoke of immunities broadly, not just of 11th Amendment immunity. So judicial immunity falls within that. A number of circuits have weighed in on this, right? And none of them have agreed with that argument. Is that correct? On the judicial immunity strike? No. Well, we got to the HEC. The HEC strike, yes. Some courts have held that HEC is not a strike. The Second and the Ninth Circuit have. Oh, really? Yeah. We cite that in our opening brief and our reply brief, the Codden v. Noth decision in the Second Circuit and Washington v. L.A. Sheriff's Department in the Ninth Circuit. The Seventh Circuit takes a slightly different approach, but also says that HEC is not categorically a strike. That circuit already had a rule that HEC is an affirmative defense, so it could be a strike in some circumstances. But all the other circuits that are against us take the elemental approach. They say that there's essentially a no-HEC element in every Section 1983 claim. And for that reason, it's failure to state a claim. And is the reason that those other circuits think the HEC is not a strike because they think that the HEC bar is jurisdictional? No. They read HEC as a premature— There are some courts that think the HEC bar is jurisdictional. Yes, and we don't argue that. We have that in a footnote in our opening brief that we don't argue HEC is jurisdictional. The Second Circuit has a lot of analysis on this point. They talk about HEC as a prematurity doctrine because it's about whether the claim is cognizable at the time it's being brought, which is in line with what the HEC decision said itself. In HEC itself, it said that the claim has not yet arisen because there's still that conviction or sentence that hasn't been invalidated yet. But with prematurity, I mean, there's a sense that it's likely that something will mature, right? And for most prisoners, that's not true. Most prisoners are not vindicated. They don't walk out with some recognition of a mistake having been made. And so it would seem that as a practical matter, it's not prematurity. It is a lack of entitlement. Yes, I understand that point. It's something— You lost on this. Sometimes you're never going to be able to bring out the claim. There could still be a chance for habeas in some capacity, but Crump drew the line at the merits, not whether you can ever bring the suit. For instance, in an immunity claim, that defendant is forever immune. But the key distinction in Crump is that you're never looking at the underlying merits of the claim.  So that's why it's not failure to state a claim. And the same applies to HEC, because all you're looking at is whether success on that Section 1983 claim would undermine a still valid conviction or sentence. You don't look past that to the merits. I'm sure you know better than I, how's a raised judicata bar treated for purposes of these strikes? Have the courts addressed that? Of whether your decision on these strikes going forward or— Yeah, I mean, let's say a prisoner files a suit and it's a matter that had been—it's issue preclusion or—not to get too close—but let's say the court says the prisoner's claim is barred by raised judicata. Does that count as a strike? I haven't seen that come up, per se, but that would say much more like merits on the spectrum of cognizability to merits, where you have—heck, you're not looking beneath, but then in a raised judicata, those issues were already decided for raised judicata to apply. So I don't think it would be distinguishable. Well, it seems that HEC is—I mean, I'm asking why isn't HEC analogous to raised judicata? I mean, HEC is saying there has already been an adjudication that they were to arrest you and seize you, et cetera, and you lost, and you can't—you can't collaterally attack that now. I mean, that's seen—that's my recollection in substance, what HEC is really saying, and that sounds a lot like raised judicata, which, if that's merits, then that sounds like maybe it should be a strike. I would say the better analog there is abstention, which we talk about a lot in our opening brief, because HEC still would allow you to challenge the conviction or sentence. For instance, you can get a clemency or you can get habeas. Just because you had a conviction, you're not forever barred for challenging it, whereas, similarly in abstention, you have an ongoing state court proceeding that needs to wrap up before you can go to federal court, whereas in raised judicata, it was already decided. For instance, if there's a false arrest claim, perhaps, in a Section 1983 suit, the element of that claim is whether there's a probable cause to arrest, and that could be separate from was this person guilty of the crime for which they were convicted. So there wasn't a final judgment on that, so—and that makes it distinguishable, I would argue, from raised judicata. Thoughtful answer. Thank you. Yeah, so as I was explaining, Crump decided the merits specifically and said, if it's not failure to state a claim—if it's not on the merits, it's not for failure to state a claim, and Crump also relied on the text, specifically looking at immunity, where it said immunity exists in multiple places in the PLRA, but it is distinct from the strike basis, and it's not in the free strike provision. So it must mean something different, and it means immunity is not a strike. The same reasoning applies to cognizability bars like HECC. In Section 1915, capital A, the PLRA says that the district court shall identify cognizable claims or dismiss the complaint or any portion of, if, and then it goes on to list the strike basis and immunity. So there is a line between cognizability and failure to state a claim, as well as immunity. So under this Court's reasoning in Crump, it shouldn't be subsumed by that as well. Um, could there be any problem with a district court looking at a claim, and there's a HECC problem, I mean, there's no way that this person is going to get this vacated and then the right to be imprisoned? Yes, they could still find a claim that's frivolous if there's no arguable legal or fact basis. I believe that to be a bit of a higher standard, but again, that's not on the merits of the claim. It's not failure to state a claim. So our argument is that HECC is not per se, it's not failure to state a claim, and it's not per se frivolous or malicious. So that would have to be an independent determination by the dismissing court, and that's not what happened here either. But there could be a case where that exists, yes. So I guess under your reasoning, though, the PLRA would present no impediment to a prisoner filing innumerable HECC claims. Eventually, they could be found frivolous or malicious if the court sees that this is the dozenth HECC claim and it's raising essentially the same arguments. The judge can make a determination that it's frivolous or malicious, but it's not failure to state a claim because they never get to the merits of it. They just say, maybe try habeas and come back later. There are no further questions. I'll save my time for rebuttal. Very well. Thank you. We'll hear from the warden, right? Excuse me? Is it the warden on the other side of this case? It is a prison counselor, I believe. Counselor Douglas, Your Honor. May it please the court. Good afternoon. Assistant Attorney General Joshua Smith on behalf of Counselor Douglas, the defendant in this case. I would like to say that on behalf of my office and my client, we very much appreciate that the court reached out to our office and asked if we were interested in briefing it and appearing at oral argument, because we clearly are. And we appreciate you being here. Thank you. It's nice to be in Detroit. And we're glad that you guys are in Detroit, too. And then the prisoner goes and gets the set aside and comes back for lawsuit and for first suit, right? Actually, it would not be relevant, Your Honor, because if that prisoner was successful in his or her conviction reversed, the PLRA would not apply because it only applies to incarcerated persons. No, no. This person has a lot of conviction. I've seen that, Your Honor. Fair enough. Let's just assume that the person and files future suits without conditions of imprisonment. Does that first suit count as a strike? That first suit would count as a strike. And I think the reason it counts as a strike is simply because this court has held previously that it does count as a strike. For instance, if we look at for failure to state a claim, yes. In Kitchen, this court held that this court's jurisprudence leans heavily towards finding that a heck dismissal is for failure to state a claim. Yeah, but leans heavily towards is not the same as holding. I mean, I don't think that was necessary to the decision in Kitchen, was it? I think it was necessary to the decision. Because of the order of operations? Because of the order of operations. The lead argument, and I'm familiar with this because it happened to be my case, the lead argument that the state made in that case, Your Honor, was that heck was jurisdictional. As you alluded to, there are some circuits that find heck jurisdictional. Prior to this court's decision in Kitchen, that was an open question in this circuit. Our lead argument was that it was jurisdictional. This court rejected that. And if you look at the analysis... I mean, kind of. I guess you would say that we rejected it because they, the court addressed standing first, and therefore, although they did not come out and say, well, this is not jurisdictional, we can assume that the panel thought it was not jurisdictional because they did standing first and then did heck? I think that that's the clear implication of that. Because what the lead opinion in that case said was, we need to at least determine what the order of addressing the claims are. And if it's jurisdictional, that has to go first. And then the court concluded, we're going to address standing. So that is not a direct, this is not jurisdictional. Just that then there's this footnote that says, oh, this is complicated, because some courts think it's jurisdictional. It is. I do read Kitchen is soundly rejecting in this circuit that heck is jurisdictional. That might be fair. They didn't like it, that's for sure. They certainly did not like that argument. And it's also fair to say that the majority of circuits do not find heck to be jurisdictional. That's the minority opinion. But even getting beyond Kitchen, the fact of the matter is in Harrison v. Michigan in 2013, this court stated if a complaint failed to meet the requirements of heck, in quotes, it would necessarily have been dismissed for failure to state a claim. And it doesn't come through in what I'm saying, but the emphasis necessarily was emphasized in the opinion. Harrison v. Michigan, 722, F3D, and the quote that I just gave was at 773. And that's from 2013, Your Honor. And in Lanier v. Bryant, which is another decision from this court, that is 332, F3D, and the quote I'm going to give you shortly is at page 1005 to 1006. That's from this court in 2003. Where a plaintiff's claim, in quotes, essentially attacked the lawfulness of his conviction because first having that conviction set aside, his tendered complaint failed to state a claim under heck. Those are the published decisions from this court. And I did cite in my brief several unpublished decisions. The most prominent of them is probably English v. Gee, which is from 2001. And here's the entire quote. English fails to state a claim under section 1983 as his complaint is barred by heck. Well, but none of these are using that phrase for purposes of determining whether the action was a strike, right? That is correct. So sometimes, I mean, frankly, you know, as this case kind of illustrates, sometimes that phrase might be used in a looser sense as opposed to sort of, I mean, the question here, we have to cut it a little finer than they had to there. So queer, I mean, anyway, that's my concern about those cases.  But I think, though, if you look at this court's jurisprudence going at least back to Gee, which is from 2001, it's been very clear that a dismissal under heck is for failure to state a claim. If you look at the exact language of section 1915 subsection G of the PLRA, there are three reasons the dismissal of a case can count as a strike. Frivolous, malicious, failure to state a claim. And this court has consistently held that a dismissal under heck is failure to state a claim. But let's, I mean, I understand that, and the cases do say that. But let's kind of look under the surface of what the courts are labeling the dismissal as to the sort of the nature of a heck dismissal. I mean, on the one hand, if something is not justiciable for whatever reason, it would seem that that does not count as a strike, right? Like, and that would be immunity or some lack of jurisdiction on the court's part, right? Like, if somebody is immune, that doesn't count, isn't it? I would disagree and say it's a more granular analysis than that. I know that counsel on the other side is urging, I think, a more mechanistic or per se approach. But this court has held previously that a dismissal for jurisdiction, or excuse me, a judicial immunity, and I think quasi-judicial immunity falls under this as well, is for failure to state a claim. This court did that- For purposes of a strike? Not for purposes of a strike, but for purposes of dismissal. I guess I'm only, I'm not interested in what courts happen to call it, you know, over the years, because I just don't think they're mindful of the same distinction that we have to make here. And so it seems to me, when I look at Crump and some of these other cases, that on the one hand, if a matter, if the suit is not justiciable, it's not within, it's either we lack power to adjudicate it, or there's some doctrine that requires that we not adjudicate it, that we not exercise power that would otherwise be available. But it's about, we just, we're not going to, we lack power. Right. Versus the allegations, the claim, whatever the person has laid out in a complaint, is not a basis for relief, and that is a merits matter. You know, it's a, you know, even if all that's true, and even if we take all that is true, and we bear the judicial power on this, it's not a basis for relief. And so, I guess, I would like to just, because you know this better than I do, I mean, what's your sense of the nature of a heck dismissal, and why it falls on the side of truly not stating a claim? Everything you've said here, you know, we could actually look at that, make determinations affirmatively, that we agree, this happened, that happened, the law is this, the law is that, and you still lose. Okay. Or, you know, that's on one side, or it's just not justiciable, we're choosing not to make the determinations on the other side. Underneath the surface, why do you, which one is heck, and why do you think that's true? I don't think heck is a question of judicially, justiciability. That is, if you're raising a heck claim under 1983, let's be clear, a 1983 action for monetary damages. Right. That's the only thing that implicates the heck bar. The court recently held, just a few months ago, that if it's prospective injunctive relief only in Olivier, that the heck bar does not apply. Okay. But in a suit for monetary damages, it inherently calls into question the underlying conviction. My read of the heck jurisprudence is it's not a matter of court saying, well, we really don't want to decide on this, but it's an element of the claim. The validity of the conviction itself is an inherent element of a heck claim. And I would turn the court's attention to the Fourth Circuit, very recently in Brunson v. Stein, stated, and quote, the dismissal of an action under heck is a dismissal for failure to state a claim, and thus a strike under the PLRA. In fact, plaintiffs quote and rely heavily on a case called Burrell v. Shirley, which is a Fourth Circuit case, and their reply brief. Burrell v. Shirley expressly reaffirms Brunson. Shirley was, Burrell was from last year. That's 142 F Fourth, and the applicable page number is 248. We recently concluded that a dismissal under the heck rule constitutes a strike. See Brunson, 116 F Fourth at page 306. So I think the weight of the authority is clearly that it constitutes a strike. And even the cases that plaintiffs have cited in the Second Circuit and the Ninth Circuit do not have a per se bright line approach that a dismissal under heck in all circumstances is not a strike. They take a much more nuanced approach. But the majority of circuits do find it to be a failure to state a claim, and when they've specifically discussed it in the context of the PLRA, have found it to be a strike. And when we look at, and we do concede, as we conceded in our brief, the Palmer case was at the very least a mixed claim dismissal. The Collette case, at the very least a mixed claim dismissal. We appreciate you just owning, or not owning up, but just, you know, not fussing about that. It makes little sense to make an argument when there's none to be made. And Crump is very clear. Hasn't stopped some people though. It doesn't stop some people. That's a fair statement. And to be fair, it doesn't stop sometimes clients urging you to make that argument. But Crump was very clear that the term action means case. Every claim in the case has to be dismissed on a ground raised in the PLRA. Neither Palmer nor Collette qualifies. City of Detroit does. It was clearly dismissed under Heck. It was very clearly an action for monetary damages under 1983. And it was dismissed without prejudice. That still constitutes a strike under Lomax, which is a Supreme Court case from 2020. Still don't have a U.S. site for it. Last time I checked, it was still 140 Supreme Court at 1724. So even a dismissal without prejudice can constitute a strike if it's one of the grounds enumerated in 1915 subsection G. Now, what a court doesn't have to do, and I disagree with Mr. Harrison's reply brief on this, is a court doesn't have to say, well, it's clearly 12B6. I think if a court dismisses for failure to state a claim, that that is sufficient to constitute a strike because that mirrors the section 1915G. And those courts that have addressed it in the context of a PLRA have held that it does constitute a strike. It doesn't matter whether he has a third strike. I mean, you have to have three in order for him not to be able to file IFP. And you've just conceded he doesn't have two.  So should we decide the heck issue? I think it's fair to say this court does not have to decide the heck issue. I mean, I thought about this a lot in the last week as I've been preparing for the argument. And the fact of the matter is, IFP is only denied where there are three strikes. And if we don't decide this one, then that one will just be left there hanging over his head until he accumulates two more? Quite possibly. I mean, the fair statement is there are two different ways. The court could punt on that question. And I think it's very clear the court absolutely can punt on that question because he has to have all three strikes. He just doesn't, at least under the district court's ruling. So in that context, the court doesn't need to reach that issue. And would it be hanging over Mr. Harrison's head? I don't know that. But if he filed a frivolous claim or filed a claim that was dismissed and the court very clearly said, listen, this is a failure to state a claim, it falls under 12D6. But we got two more. If he got two more strikes, then it would become an issue. So I think for a prudential reason, that gives the court a good ground for deciding the heck issue. But strictly speaking, it's not necessary to reach the decision in this case. There are ways to bring you all back, you know. Well, fortunately. It is a determination of right. I mean, you have a right to two more as opposed to you have a right to three more. I mean, that's not immaterial. That's not just gratuitous. I mean, it is a determination of right. Maybe it is gratuitous. It wouldn't. Let me put it this way, Your Honor. In my opinion, it wouldn't be dicta. Dicta is not central to a decision because it doesn't have an effect on legal rights, right? If you decided the heck issue, yes, it would not be dicta because it's central to Mr. Harrison's legal rights. On the other hand, if the court decided we don't have to decide this because the sole He doesn't have three strikes. It goes back for a redetermination of IFP status. And I do want to correct something in my brief. In the reply brief, the plaintiffs, or excuse me, Mr. Harrison's counsel pointed out that it doesn't, and they're correct on this, that Crump does hold that it has to be the dismissing court that makes the decision in terms of whether it's malicious or frivolous. I had asked that it be remanded for the Western District to make a contemporaneous determination of that. I think they're right on that. Crump does say that the dismissing court has to do that. So I wanted to make that correction while I'm up here. Very good. And one more correction, if I may. All right. One more. One more. I do believe it's just basic honesty with the court when you find something in your brief. They pointed out that the case I cited for the Eighth Circuit is unpublished. It was a table case, which those of us who remember table cases, it has a federal reporter site, but it's not published. Yeah. There is an Eighth Circuit case, though, that is published and is on point. That's Schaefer v.  It is 46 F3D 43 at 45, Eighth Circuit 1995. Therefore, in light of heck, the complaint was properly dismissed for failure to state a claim. So I think the Eighth Circuit's on board too, your honors. All right, Mr. Smith, thank you very much for your argument. And we'll hear rebuttal. Three points in rebuttal, your honors. First, I heard my friend on the other side say that the nature of a heck dismissal is an element of a claim. That's what the other courts, many other courts have held, as we discussed earlier. But that's not in line with this court's reasoning, and it's not in line with the heck decision itself. The heck case dealt with a malicious prosecution tort. An element of that tort is favorable termination. And as this court explained in Edson, that tort is materially unique from other Section 1983 claims. When this court looks at whether something is heck barred, it only asks if a successful judgment for that plaintiff would undermine a still valid conviction. And it separates out the elements of the underlying claim. Second, I heard my friend on the other side talk about cases, some published cases, including Harrison v. Michigan, and unpublished cases like English v. Guy, I think is how you pronounce it. And it used the language of failure to state a claim. But as Judge Kapledge mentioned, those are non-strike cases. So it used a looser sense of the term failure to state a claim, because the bottom line was dismissal there. Here, as Crump tells us, we look to whether the dismissal is on the merits. You look under the surface of the actual label that's affixed to it. And that's what this court said in Crump. It's what this court said in Simons, when it said the later reviewing court is going to see the basis for dismissal. And then if you can't meet the element, one of the elements of your claim, because it is impliedly negated by the validity of your conviction. Yes. That would be heck barred, but it would not be failure to state a claim, because the heck question is antecedent to the merits analysis. I don't understand. Well, I mean, I'm not so sure about that. I mean, if the validity of the conviction is, in fact, what impliedly negates the element of your showing of the element, then that seems very merits based. That would have to result in an actual analysis on the merits. As the Crump and Simons court said, you look to what actually happens, not the legal effects. So if the court went further and said, for instance, this claim is not cognizable because it's barred by heck, which is what the Harrison and English court said when they were speaking about heck specifically. And then it said, but I'm going to consider the case itself and the merits. And it said, let's say, element three of this tort cannot be established, because it would imply the invalidity. So it fails. That could present a different case. That's not presented here. What's the difference? I'm sorry. The court never gets to the merits when it looks at heck. So in this court's- Isn't heck a shorthand for you lose on the merits, though, if that analysis is what I said? No. Heck is about cognizability. This court only talks about heck in terms of cognizability. But again, I'm not- I think it's very, it's dangerous to rely on all this language on both sides. Definitely. I'm trying to get at the nature of the thing. Yes. What, am I right or wrong about the nature of heck? And that it's just this reasoning that the validity of the conviction impliedly negates an element of somebody's claim. And that's why you can't be here and we're dismissing it. That's incorrect. It could apply to claims like perhaps malicious prosecution, but not all claims. For instance- So it depends on the particular elements, maybe. Yes, but when this court analyzes a claim and there's the issue of heck brought up, it will look at heck and then not go further. For instance, I believe in the Hill case, it looked at the heck bar, said the heck bar did not preclude the ex post facto claim from being brought, and then went to actually consider the elements of the claim. But in other cases, like if I can pronounce the name right, LaFontaine versus Harry, there were four retaliation claims, three of which challenged, I believe, property-related claims. And one in substance was an entrapment claim, which resulted in the loss of good time credits. That claim was heck barred. But all the other retaliation claims had no bearing on the underlying conviction. And the elements of all the claims were the same. Three of those claims were reached on the merits. And then that remaining entrapment-sounding claim was just barred by heck, if that answers your question. Any further questions? OK, Ms. Lewitz, thank you for your arguments. You both really did an exemplary job today in the arguments on both sides. And the case will be submitted.